IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-cv-03009 |
| | ) | |
| NINETEEN THOUSAND AND 00/100 DOLLARS ($19,000.00) IN U.S. CURRENCY | ) ) ) ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on an Amended Renewed Motion to Strike Claim with Rule 37 Certification (d/e 26). Plaintiff, the United States of America, asks the Court to strike the claim of Claimant, Thedell Doss, for failure to comply with discovery requests. Plaintiff also requests permission to file a Motion for Default Judgment against Claimant. For the reasons that follow, the Court GRANTS Plaintiff's Amended Renewed Motion to Strike Claim with Rule 37 Certification. The Court also GRANTS Plaintiff leave to file a Motion

for Default Judgment against Claimant.

## I. BACKGROUND

On January 14, 2010, the United States filed a Verified Complaint for Forfeiture against Defendant, $19,000.00 United States Currency. Plaintiff sought to enforce the provisions of 21 U.S.C. § 881(a)(6) for forfeiture of the currency as money furnished or intended to be furnished in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or as proceeds traceable to such an exchange.

Claimant filed his Claim of Interest in Seized Property on February 17, 2010, (d/e 7), and his Answer to the Complaint on March 9, 2010 (d/e 8). Claimant contends in both documents that he legitimately obtained the $19,000.00 U.S. Currency.

On March 9, 2010, this Court ordered the Parties to submit a proposed discovery plan in accordance with Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rules 26.2(3) and 16.2(E). On April 20, 2010, the Court entered a scheduling order calling for the

parties to complete discovery by August 30, 2010.

Claimant's former attorney, Mr. Rodney H. Holmes, contacted Plaintiff and requested discovery on August 12, 2010. Plaintiff complied with that request. At the same time, Plaintiff sought Claimant's personal banking information. Subsequently, the Parties agreed to file a Joint Motion for Extension of Time to Complete Discovery and Extend Deadlines (d/e 11). The Court extended the discovery deadline to October 14, 2010.

On August 24, 2010, Plaintiff sent a letter requesting discovery materials. Thereafter, on September 1, 2010, Plaintiff sent Claimant a Request to Produce Documents.

Mr. Holmes emailed Plaintiff on September 12, 2010. He acknowledged receiving the Request for Production. Mr. Holmes also expressed doubt as to Claimant's whereabouts. He believed Claimant might be incarcerated and sought Plaintiff's help to locate Claimant. Plaintiff complied and forwarded Claimant's contact information to Mr. Holmes on September 21, 2010.

On November 15, 2010, Plaintiff filed a Motion to Strike Claim (d/e 13). Plaintiff asserted that Claimant had failed to produce the requested discovery documents before the discovery deadline lapsed.

The Court held a telephone conference with the Parties on January 3, 2011. Counsel for Claimant, Plaintiff, and the Court discussed the Motion to Strike Claim and Mr. Holmes' inability to comply with the discovery process due to his client's failure to respond. The Court cautioned Claimant's attorney. The Court stated that Claimant must continually provide current contact information to Mr. Holmes and the Court. Further, the Court warned that failure to comply could result in dismissal or striking of the claim with prejudice. Finally, the Court required Mr. Holmes to notify the Court in writing, by January 6, 2011, that Claimant had received the contents of the instant minute entry.

Mr. Holmes advised the Court on January 6, 2011, that he had sent a letter by certified mail to Claimant. The letter alerted Claimant to the discovery deadline. Mr. Holmes also noted to the Court that he mailed a letter to the same address on October 7, 2010, but received no

response.

Mr. Holmes filed a Supplemental Response to Plaintiff's Motion to Strike Claim on January 25, 2011 (d/e 18). The Response indicated that Mr. Holmes contacted Claimant on January 18, 2011. Claimant provided Mr. Holmes with limited information including a bank name and account numbers. The Court ordered Claimant to comply with the remaining discovery requests by February 16, 2011. The Court noted that failure to comply would cause the Court to rule on Plaintiff's Motion to Strike Claim without further notice.

On February 7, 2011, Mr. Holmes filed another Motion for Extension of Time to Complete Discovery (d/e 21). The Court held hearing on this Motion as well as the Plaintiff's Motion to Strike Claim. The Court extended the discovery deadline to April 15, 2011 and denied the Motion to Strike Claim. The Court stated that this would be its final scheduling order.

On April 1, 2011, Mr. Holmes emailed Plaintiff and agreed that the bank records failed to support the financial availability of the funds.

Mr. Holmes wrote that he would make no further effort to comply with additional discovery requests. He also alerted Plaintiff to a letter he sent Claimant that was returned as undeliverable. Mr. Holmes stated that he would relocate Claimant and send another letter. After that, Mr. Holmes informed the Court that he planned to file a motion to withdraw.

Mr. Holmes filed his Motion to Withdraw as Counsel for Claimant on April 15, 2011 (d/e 22). At that time, the Court warned that no further extensions would be allowed. The Court also scheduled a telephone conference on May 31, 2011, to discuss the case's status with Claimant.

The Court held the telephone conference on May 31, 2011. Claimant participated via telephone from his place of incarceration. The Court discussed general matters about the case with Claimant and Plaintiff.

On September 7, 2011, Plaintiff filed its Second Motion to Strike Claim. The Court issued a Text Order that denied the Motion because

Plaintiff failed to file "a certification that the movant has in good faith conferred or attempted to confer" with Claimant to resolve the issues prior to court intervention.  See Fed.R.Civ.P. 37(d)(1)(B).

Plaintiff then Filed an Amended Motion to Strike Claim with Rule 37 Certification on December 13, 2011, with responses due on December 30, 2011 (d/e 26).  Claimant responded late on January 11, 2011, in the form of (1) a Motion to Dismiss the Government Complaint (d/e 28); and (2) a filing the Court construed as a Response to Amended Motion to Strike Claim (d/e 29).

The Court issued a Text Order on May 24, 2012, with regard to Plaintiff's Amended Motion to Strike.  In the text order, the Court provided Claimant an additional opportunity to comply with the remaining discovery requests by 4:00 p.m. on June 29, 2012.  The Order also stated that no further extensions would be allowed.  The Court warned Claimant that failure to comply again would result in a ruling on Plaintiff's Amended Motion to Strike Claim without further notice.

Finally, on June 28, 2012, Claimant filed a Motion to Comply with Plaintiff's Remaining Discovery Request (d/e 35). The Motion outlined Claimant's reasons for failing to follow this Court's Orders. On July 10, 2012, the Court directed Plaintiff to respond to Claimant's Motion with a progress report. Plaintiff filed its Response on July 17, 2012 (d/e 37). The Response stated that Claimant had made no effort to remedy the discovery issues. Further, Plaintiff stated that Claimant's failure to comply with discovery prejudices Plaintiff's ability to litigate the case.

The Court notes that Claimant remained incarcerated throughout the timeline discussed: first, in Forrest City, Arkansas; then in St. Genevieve, Missouri.

This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355.

## II. ANALYSIS

Federal Rule of Civil Procedure 37 "authorizes the imposition of sanctions for a litigant's failure to cooperate in the discovery process. Section (b) of that Rule provides that where a party fails to obey a court

order directing it to provide or permit discovery, the district court may inter alia, enter an order 'dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.'" Hindmon v. National-Ben Franklin Life Ins., Corp., 677 F.2d 617, 620 (7th Cir. 1982) (citing Fed.R.Civ.P. 37(b)).  "It is well settled under the standards set forth in National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640 (1976) (per curiam) and Societe Internatioanle v. Rogers, 357 U.S. 197, 212 (1958), that the entry of dismissal or default judgment under Rule 37 requires a showing of 'willfulness, bad faith, or fault' on the part of a non-complying party." Hindmon, 677 F.2d at 620.

District courts should make an explicit finding whether willfulness, bad faith, or fault supports a dismissal with prejudice.  Robinson v. Champaign Unit 4 School Dist., 412 Fed. Appx. 873, 877 (7th Cir. 2011) (citing In re Thomas Consol. Indus., Inc., 456 F.3d 719, 724 (7th Cir. 2006); Aura Lamp & Lighting, Inc. v. Int'l Trading Corp., 325 F.3d 903, 909 (7th Cir. 2003)).  See also Watkins v. Nielsen, 405 Fed. Appx.

42, 44 (7th Cir. 2010) ("We have not resolved definitively whether a finding of willfulness must be premised on clear and convincing evidence or simply a preponderance."). "Moreover, when sanctioning a party for discovery violations, a district court should consider the prejudice or surprise to the party against whom the evidence is offered, the likelihood of disruption to the trial, and lesser sanctions that could cure any asserted prejudice." Id. (citing Procter & Gamble Co. v. Haugen, 427 F.3d 727, 738 (10th Cir. 2005); David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003); Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003)).  Finally, incarceration alone does not release a claimant from complying with discovery requests. Kenneth v. Nationwide Mutual Fire Ins. Co., No. 03-CV-521F, 2007 WL 3533887, at *12 (W.D.N.Y. Nov. 13, 2007). See also Watkins, 405 Fed. Appx. at 45 (affirming decision where district court found that even mental illness does not explain a litigant's failure to comply with discovery).

   Here, Claimant's actions clearly and convincingly demonstrate wilful failure to comply with this Court's discovery directives. The Court

issued Claimant his first warning on January 3, 2011. There, the Court stated that sanctions for failure to comply could include dismissal or striking of the claim. Claimant half-heartedly heeded the warning on January 18, 2011, when he supplied Mr. Holmes a bank name and account numbers.

The Court's second warning came in a Text Order on January 25, 2011. There, the Court stated that Claimant must comply with discovery by February 16, 2011, or face a ruling on Plaintiff's first Motion to Strike Claim. Plaintiff filed its first Motion to Strike Claim on November 15, 2010, after Claimant failed to comply with discovery requests made in August 2010.

On February 10, 2011, the Court held a hearing. Afterward, it provided Claimant additional time to comply with discovery and denied Plaintiff's first Motion to Strike Claim. The Court set the discovery deadline for April 15, 2011, and stated that it would not allow further extensions.

On April 29, 2011, Mr. Holmes filed a Motion to Withdraw as

Claimant's counsel.  The Court allowed Mr. Holmes' Motion and issued an Order that required Claimant's presence at a status hearing scheduled for May 31, 2011.  Claimant received his third warning from the Court cautioning that failure to appear would result in the entry of an adverse judgment.

Plaintiff filed its Second Motion to Strike Claim on September 7, 2010, after Claimant continued to evade Plaintiff's discovery requests.  The Court denied this Motion because Plaintiff failed to provide Rule 37 documentation certifying that it "conferred or attempted to confer" with the opponent to resolve the discovery dispute before court intervention.

On December 13, Plaintiff filed the Amended Motion to Strike Claim with the proper Rule 37 Certification currently at issue.  The Court set the response deadline for December 30, 2011.  Claimant, however, did not file his Response until January 11, 2012.

The Court addressed the Amended Motion to Strike Claim on May 24, 2012.  Again, the Court conferred a benefit on the Claimant when it considered his Response despite the late filing.  Additionally, the Court

issued a fourth warning in an Order that extended Claimant one more opportunity to comply.  The Order called for Claimant to meet his responsibilities by 4:00 pm on June 29, 2012, or face consequences.  Plaintiff filed a report over one month later on July 17, 2012, stating that Claimant did not satisfy the requirements in the Court's Order.

Plaintiff brought this claim in January 2010 and sought Claimant's bank information in August 2010.  Nearly two years after that August request, Claimant still fails to respond to Plaintiff's discovery requests.  The Court afforded Claimant numerous opportunities to comply, factored in his incarceration when it granted discovery deadline extensions, and repeatedly cautioned Claimant about potential consequences if he continued to shirk his responsibilities.  Claimant's actions demonstrate wilful disregard of the Court's orders and the Plaintiff's rights to litigate this case.  Therefore, dismissal of Claimant's claim with prejudice is the only appropriate sanction under the circumstances.

The Court recognizes the severity of this sanction.  But the Court

finds that its choice, under the circumstances, remains consistent with numerous decisions from the Seventh Circuit Court of Appeals.  See, e.g., Watkins, 405 Fed. Appx. at 45 (dismissing case where plaintiff failed to produce medical records and provided incomplete and evasive responses to interrogatories so that after 19 months defendant still did not have essential information to litigate the suit); Shaw-Reed v. Children's Outing Ass'n, 172 F.3d 53 (7th Cir. 1999) (dismissing case where district court found plaintiff violated three discovery orders); Govas v. Chalmers, 965 F.2d 298, 303 (7th Cir. 1992) ("[A] district court has the discretion to dismiss a claim when a party demonstrates a pattern of dilatory and evasive discovery tactics and when that party wilfully persists in such tactics in violation of court warnings and orders.") (citing Hal Commodity Cycles Management Co. v. Kirsh, 825 F.2d 1136, 1138 (7th Cir. 1987));  Charter House Insurance Brokers, Ltd. v. New Hampshire Insurance Co., 667 F.2d 600, 605-606 (7th Cir. 1981) (dismissal of complaint deemed an appropriate sanction for plaintiff's wilful failure to comply with proper discovery requests).

Finally, the Court notes that a lesser sanction would not cure prejudice to the Plaintiff in this case.  See Watkins, 405 Fed. Appx. at 44.  Lesser sanctions include contempt, fines, or barring introduction of the undisclosed discovery information.  Claimant, however, remains incarcerated according to his latest location on file.  Therefore, a contempt order would provide little value.  See 28 U.S.C. § 1826 (explaining penalties for civil contempt).  Additionally, it is unlikely that Claimant would pay a fine considering his persistent inability to comply with Court orders to this point.  And finally, barring the evidence would have the same practical effect as dismissal.  See Watkins, 405 Fed. Appx. at 44.

## CONCLUSION

For the reasons stated, the Court GRANTS Plaintiff's Amended Renewed Motion to Strike Claim with Rule 37 Certification (d/e 26).  The Court also GRANTS Plaintiff leave to file a Motion for Default Judgment against Claimant.

IT IS SO ORDERED.

ENTERED: October 2, 2012

FOR THE COURT                                       s/ Sue E. Myerscough
                                                    SUE E. MYERSCOUGH
                                              UNITED STATE DISTRICT JUDGE