IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-03009 |
| | ) | |
| NINETEEN THOUSAND AND, | ) | |
| 00/100 DOLLARS ($19,000.00) | ) | |
| IN U.S. CURRENCY | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on a Motion for Default Judgment (d/e 41), as a sanction for Claimant's failure to obey this Court's discovery orders, under Rules 37(b) and 55 of the Federal Rules of Civil Procedure. Plaintiff, the United States of America, requests that this Court enter default judgment in this cause against the defendant and all other potential claimants, and order the forfeiture of the defendant to the United States of America for disposition according to law. For the reasons that follow, the Court GRANTS Plaintiff's Motion for Default

Judgment.

## BACKGROUND

On January 14, 2010, the United States filed a Verified Complaint for Forfeiture against Defendant, $19,000.00 United States Currency. Plaintiff sought to enforce the provisions of 21 U.S.C. § 881(a)(6) for forfeiture of the currency as money furnished or intended to be furnished in exchange for a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., or as proceeds traceable to such an exchange.

Claimant, Thedell Doss, filed his Claim of Interest in Seized Property on February 17, 2010, (d/e 7), and his Answer to the Complaint on March 9, 2010. (d/e 8.) Claimant contends in both documents that he legitimately obtained the $19,000.00 U.S. Currency.

Claimant's failure to comply with discovery, however, has plagued this case from the outset. Plaintiff responded to Claimant's disregard for discovery mandates with Plaintiff's first Motion to Strike Claim (d/e 13) on November 15, 2010. Plaintiff filed its Second Motion to Strike Claim

on September 7, 2011.  (d/e 25.)  Finally, Plaintiff filed an Amended Motion to Strike Claim with Rule 37 Certification on December 13, 2011.  (d/e 26).

On October 2, 2012, this Court granted (d/e 38) Plaintiff's Amended Renewed Motion to Strike Claim with Rule 37 Certification.  The Court also granted Plaintiff leave to file a Motion for Default Judgment.  The matter is now before the Court on Plaintiff's Motion for Default Judgment.  (d/e 41).

## ANALYSIS

An entry of default judgment against Claimant is the appropriate sanction in this matter.  See Fed.R.Civ.P. 37(b)(2)(A).

Federal Rule of Civil Procedure 37 "authorizes the imposition of sanctions for a litigant's failure to cooperate in the discovery process. Section (b) of that Rule provides that where a party fails to obey a court order directing it to provide or permit discovery, the district court may inter alia, enter an order 'dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient

party.'" Hindmon v. National-Ben Franklin Life Ins., Corp., 677 F.2d 617, 620 (7th Cir. 1982) (citing Fed.R.Civ.P. 37(b)(2)(A)). "It is well settled under the standards set forth in National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640 (1976) (per curiam) and Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958), that the entry of dismissal or default judgment under Rule 37 requires a showing of 'willfulness, bad faith, or fault' on the part of a non-complying party." Hindmon, 677 F.2d at 620.

District courts should make an explicit finding whether willfulness, bad faith, or fault supports a dismissal with prejudice. Robinson v. Champaign Unit 4 School Dist., 412 Fed. Appx. 873, 877 (7th Cir. 2011) (citing In re Thomas Consol. Indus., Inc., 456 F.3d 719, 724 (7th Cir. 2006); Aura Lamp & Lighting, Inc. v. Int'l Trading Corp., 325 F.3d 903, 909 (7th Cir. 2003)); U.S. v. Approximately $7,400 in U.S. Currency, 276 F.R.D. 596, 598 (E.D. Wis. 2011). See also Watkins v. Nielsen, 405 Fed. Appx. 42, 44 (7th Cir. 2010) ("We have not resolved definitively whether a finding of willfulness must be premised on clear

and convincing evidence or simply a preponderance."). "Moreover, when sanctioning a party for discovery violations, a district court should consider the prejudice or surprise to the party against whom the evidence is offered, the likelihood of disruption to the trial, and lesser sanctions that could cure any asserted prejudice." Robinson, 412 Fed. Appx. at 877 (citing Procter & Gamble Co. v. Haugen, 427 F.3d 727, 738 (10th Cir. 2005); David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003); Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003)). Finally, incarceration alone does not release a claimant from complying with discovery requests. Kenneth v. Nationwide Mutual Fire Ins. Co., 2007 WL 3533887, at *12 (W.D.N.Y. Nov. 13, 2007). See also Watkins, 405 Fed. Appx. at 45 (affirming decision where district court found that even mental illness does not explain a litigant's failure to comply with discovery).

This Court found by clear and convincing evidence that Claimant wilfully disregarded this Court's Orders throughout the discovery process in this matter. See Robinson, 412 Fed. Appx. at 877; see also $7,400 in

U.S. Currency, 276 F.R.D. at 598 (awarding default judgment where claimant disregarded two orders to respond to Government discovery requests). Specifically, the Court warned Claimant four separate times that failure to comply with discovery would result in a judgment entered against him. d/e 38 at 11-13. Claimant, however, disregarded those warnings and continually shirked his discovery responsibilities. In total, Claimant only managed to supply Plaintiff with a bank name and account numbers.

    The Court's October 2, 2012, Opinion also took other factors relevant to this matter into account. For instance, the Court noted that Plaintiff remained incarcerated during the duration of this matter. See Kenneth, 2007 WL 3533887, at *12. Further, the Court addressed the propriety of lesser sanctions, such as barring the evidence, fining Claimant, or holding Claimant in contempt. See Robinson, 412 Fed. Appx. at 877. The Court concluded, however, that a lesser remedy would not cure the prejudice incurred by Plaintiff.

    Claimant argues that Plaintiff fails to make the necessary showings

to prevail under 18 U.S.C. § 983(c). Specifically, Claimant argues that Plaintiff cannot demonstrate "by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1), (2). Claimant also contends that Plaintiff cannot "establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

The arguments raised by Claimant, however, do not address the issue at hand. Claimant failed to comply with discovery Orders. The Court found by clear and convincing evidence that Claimant's actions constituted wilful conduct. The Court also held that remedies less severe than striking Claimant's claim and awarding a default judgment would not cure the prejudice incurred by Plaintiff in this matter. Accordingly, the Court now GRANTS Plaintiff's Motion for Default Judgement in this matter.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

The United States' Motion for Default Judgment (d/e 41) is

GRANTED.

The defendant property is hereby forfeited to the United States of America and no other right, title or interest shall exist therein.

This action is DISMISSED with prejudice.

IT IS SO ORDERED.

ENTERED:   October 23, 2012

FOR THE COURT  　　　　　　　　　　　  s/ Sue E. Myerscough  
　　　　　　　　　　　　　　　　　　SUE E. MYERSCOUGH  
　　　　　　　　　　　　　　UNITED STATE DISTRICT JUDGE